IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL ANTHONY QUALLS, | : | |
| Petitioner, | : | |
| vs. | : | CA 22-0182-CG-MU |
| REOSHA BUTLER, | : | |
| Respondent. | | |

### REPORT AND RECOMMENDATION

Michael Anthony Qualls has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 1).[1] Petitioner is challenging the validity of his murder and third-degree assault convictions in the Circuit Court of Lauderdale County, Alabama. (*Id.,* PageID. 2). This matter has been referred to the undersigned for the entry of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and General Local Rule 72(a)(2)(R) and, as discussed below, it is **recommended** that this action be transferred to the United States District Court for the Northern District of Alabama (Northwestern Division) pursuant to 28 U.S.C. § 2241(d).

Lauderdale County, Alabama, where Qualls was convicted and sentenced (Doc. 1, PageID. 2), is located in the Northern District of Alabama. 28 U.S.C. § 81(a)(1) ("The Northwestern Division [of the Northern District of Alabama] comprises the counties of Colbert, Franklin, and **Lauderdale.**") (emphasis supplied). Qualls is presently incarcerated in Fountain Annex WC in Atmore [Escambia County], Alabama, which is

---

[1] Petitioner's filing was accompanied by the $5.00 filing fee. (*See* Doc. 2).

located in the Southern District of Alabama. 28 U.S.C. § 81(c)(2) ("The Southern Division [of the Southern District of Alabama] comprises the counties of Baldwin, Choctaw, Clarke, Conecuh, **Escambia**, Mobile, Monroe, and Washington.") (emphasis supplied).

28 U.S.C. § 2241(d) confers concurrent jurisdiction over habeas corpus petitions upon the districts of confinement and conviction and either court may transfer a § 2254 petition to the other "in the exercise of its discretion and in the furtherance of justice[.]" *Id.* And while this Court certainly has jurisdiction to hear Qualls' § 2254 habeas corpus petition by virtue of his current incarceration in this district, transfer to the United States District Court for the Northern District of Alabama (Northwestern Division)—where jurisdiction is proper because of Qualls' conviction in that district—serves the interest of justice. *See id.* The United States District Court for the Northern District of Alabama is more familiar with the state courts within its district, and in the event an evidentiary hearing becomes necessary it is a more convenient forum (for witnesses, etc.). *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 497, 93 S.Ct. 1123, 1131, 35 L.Ed.2d 443 (1973) ("Congress explicitly recognized the substantial advantages of having [habeas corpus] cases resolved in the court which originally imposed the confinement or in the court located nearest the site of the underlying controversy.").

## **CONCLUSION**

In light of the foregoing, it is **RECOMMENDED** that this action be **TRANSFERRED** to the United States District Court for the Northern District of Alabama, Northwestern Division, pursuant to 28 U.S.C. § 2241(d).

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 10th day of May, 2022.

                      s/P. Bradley Murray
                      **UNITED STATES MAGISTRATE JUDGE**